```
                    United States District Court
                      District of Massachusetts
 _____
                                    )
United States of America,           )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Criminal Action No.
                                    )   18-10468-NMG
Carlos Antunes,                     )
                                    )
        Defendant.                  )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves an investigation by the Massachusetts State Police, the Drug Enforcement Administration and the Department of Homeland Security into a Brockton-based gang trafficking in fentanyl, heroin, oxycodone, cocaine, crack cocaine and marijuana. Carlos Antunes ("Antunes" or "defendant") was indicted as one of ten co-conspirators associated with Djuna Goncalves, the lead figure in the subject conspiracy.

Pending before the Court is the motion of Antunes to dismiss Count One of the indictment (Docket No. 157). After Antunes filed the pending motion, the government lodged a Superseding Indictment (Docket No. 174) which the parties agree

-1-

does not alter the substance of the arguments set forth in Antunes' motion to dismiss.

Count One of the indictment charges Antunes and others with conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin and 400 grams or more of fentanyl, cocaine, cocaine base, oxycodone and marijuana. The indictment alleges a single conspiracy involving several named individuals and "other persons known and unknown to the Grand Jury." Included within Count One is an aggravating quantity element in connection with the allegation that the conspiracy involved 40 grams or more of fentanyl which was reasonably foreseeable by and attributable to various co-conspirators, including Antunes.

Antunes moves to dismiss Count One of the indictment insofar as it charges the aggravating quantity element. Specifically, he argues that the Grand Jury attached

> penalty enhancing elements to the whole conspiracy charged and not to every possible sub-set conspiracy.

Antunes contends that because the conspiracy includes "persons known and unknown to the Grand Jury," it is impossible for the government to prove the conspiracy to which the grand jury attached the quantity enhancing elements. As a result, submits Antunes, any conviction under Count One would result in an impermissible constructive amendment of the indictment because

the conviction would inevitably involve less than the whole conspiracy to which the enhancements were attached.

The government has directed this Court's attention to a decision of another session of this Court in a similar case in which counsel for Antunes, representing another defendant in a separate conspiracy, made a virtually identical argument.[1] See United States v. Miranda, Cr. No. 19-10163-IT (Docket No. 57). In that case, Judge Indira Talwani rejected counsel's argument for reasons this Court finds persuasive. Accordingly, this Court adopts the reasoning of Judge Talwani and defendant's motion to dismiss will be denied.

As a preliminary matter, a constructive amendment results when the terms of an indictment are altered, "either literally or in effect" by a body other than the Grand Jury. United States v. Brandao, 539 F.3d 44, 57 (1st Cir. 2008). The prohibition on constructive amendments exists to protect the Fifth and Sixth Amendment rights of defendants. Id. The existence of a constructive amendment is generally determined upon consideration of the statutory elements of a crime and an analysis of whether the crime charged has been altered between indictment by the Grand Jury and trial. See, e.g., United States

---

[1] Attorney Michael J. Liston filed the pending motion in this case prior to his withdrawal as counsel for Antunes (Docket No. 236).

-3-

v. Mubayyid, 658 F.3d 35, 51-52 (1st Cir. 2011). A mere narrowing or refinement of the charges, however, does not result in a constructive amendment. Id. at 50.

As explained by the Court in Miranda, it is unclear, under these circumstances, how the discrepancies alleged to exist between the indictment and what the government may be able to prove at trial result in a constructive amendment. To secure a conviction under Count One, the government must demonstrate that Antunes (1) conspired, (2) knowingly or intentionally, (3) to distribute and possess with intent to distribute fentanyl, (4) in a conspiracy that involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl and (5) where at least 40 grams or more of fentanyl was reasonably foreseeable by and attributable to Antunes. 21 U.S.C. §§ 841, 846; United States v. Pizarro, 772 F.3d 284, 293-94 (1st Cir. 2014). The indictment alleges each of those elements. Consequently, as in Miranda, if the government can prove those elements beyond a reasonable doubt, no constructive amendment has occurred regardless of whether "other persons known and unknown to the Grand Jury" are mentioned in the indictment.

**ORDER**

For the forgoing reasons, the motion of defendant Antunes to dismiss the indictment (Docket No. 157) is **DENIED.**

**So ordered.**

                                         /s/ Nathaniel M. Gorton
                                         Nathaniel M. Gorton
                                         United States District Judge

Dated November 8, 2019